We move to the 5th case this morning, Harper v. Brown. Good afternoon, Your Honors, and may it please the Court. In this case, the Indiana Court of Appeals ruled that Colonel Chas Harper had not shown that he had been prejudiced under Strickland by his appellate counsel's conceitedly deficient performance in failing to cogently raise an argument for sentencing relief under Indiana Pilot Rule 7b. It said that because the evidence showed that Mr. Harper was a drug dealer. That ruling was not only erroneous, but unreasonable. And I'd like to focus on two things today. First, why that ruling was unreasonable. And second of all, why relief in this case is not foreclosed by his court's opinion in Miller v. Attackee. First, I'd like to discuss the appellate court's reasoning on the Rule 7b issue. The court wrote that because Harper cannot show that he, quote, should be viewed as an addict rather than a drug dealer, end quote. And then again, he, quote, has not shown that he was prejudiced by, end quote, his attorney's performance. Even the state does not defend that logic. And it's unquestioned that Indiana appellate courts have granted, including the Indiana Supreme Court, have granted Rule 7b relief for people convicted of dealing in drugs and people with criminal histories. In fact, Judge Friedlander, who I don't think anyone is arguing is an unreasonable man, on direct appeal dissented to write that he did not believe that, or he did believe that sentencing relief was warranted in this case because Mr. Harper's criminal history had already been accounted for in a 30-year enhancement as a habitual offender and that the quantity of drugs was not so great that it warranted 10 additional years of the advisory sentence on the dealing in methamphetamine count. Given the highly discretionary nature of Rule 7b relief, Yes, the Supreme Court denied to hear that, didn't they, on appeal? They, Even given Judge Friedlander's dissent. They, on direct appeal, yes. Yes, the Supreme Court denied to hear the case, but I don't think that was a substantive ruling on the matter. In fact, this matter has never been substantively, the applicability of Rule 7b relief has never been substantively ruled upon by the Indiana Supreme Court, or by the Indiana courts, which I'll get to in a minute. Given the highly discretionary nature of Rule 7b relief, and the fact that, essentially, the appellate court was the audience, was the body that could exercise the discretion in that case, effective appellate advocacy was incredibly important, and the fact that without the benefit of any advocacy, Judge Friedlander was able to reach his conclusion, indicates that there's a reasonable probability that with the benefit of effective appellate advocacy, a different result might have come back for Mr. Harper. But the Illinois, or, I'm sorry, the Indiana Court of Appeals disagreed with that post-conviction. On post-conviction, they ruled that because he was a drug dealer, he had not shown reasonable prejudice. That's a bit of a simplification of what they said. Right? And they have the whole record in front of them. Right? Looking at a drug dealer with a violent past, prior felony convictions, the quantity of meth that he had at this time, etc. The remedy here would be to present precisely the same record to precisely the same court again. Correct? The remedy here would be to present his argument to the court in a non-strict-willing context. In other words, the appellate court on post-conviction review was only ruling whether Harper had carried the burden of showing prejudice from the prior ineffective claim. It ruled that it hadn't. This is a very unusual kind of claim. Obviously, Miller addressed a similar one. But we're talking about an issue of state law that is highly discretionary at the appellate level. And the Indiana Court of Appeals has already addressed 7B once with the entire record in front of it. And it's not a bad argument that the original panel addressed the issue, at least with Judge Friedlander's dissent in front of them, and had the opportunity to exercise their discretion in both situations. I'll start with the panel on direct appeal. The panel on direct appeal said the argument is waived and we're not considering it. And that could be because this was a borderline case and they didn't feel comfortable making a ruling without meaningful advocacy on both sides. It's not saying that his sentence was appropriate, which is what happened in Miller. In Miller, the court said the sentence was appropriate and thus Rule 7B is essentially not available to this defendant. That's never happened in this case. On post-conviction review, the court solely focused on Strickland analysis, which is an issue of federal law and not state law. And in that federal analysis, the court said he has not shown that he was prejudiced because he shouldn't be viewed as an addict rather than a drug dealer. And again, in light of the record, that's the only logic that this court owes a deference to. This court has recently clarified that. And so I just keep coming back to, you know, if, say, a law clerk submitted a bench memo that said this Rule 7B relief is resolved by the fact that this man convicted of dealing drugs as a drug dealer, would the judge reviewing that bench memo say, well, that seems like a reasonable conclusion? I don't think it does, which is why, particularly in light of Judge Friedlander's dissent and the importance of advocacy on this issue, I think prejudice has been shown here. The Indiana Supreme Court has already told us what it thinks on the merits of the 7B argument in the post-conviction appeal, and that's the only way to read that decision, since 7B would have been unsuccessful. I read the Supreme Court's opinion to say we're denying review on the 7B issue. No, no, the Indiana court appeals. They addressed it on the merits and said 7B would have failed. I disagree with that characterization of their opinion, and here's the reason why. Because they never said, unlike in Miller, that his sentence was appropriate and that 7B relief wouldn't be warranted under any circumstances. It said because he hasn't shown prejudice as a matter of federal law, because he's a drug dealer, which, again, is kind of a non sequitur and not really an answer to the substantive question, his post-conviction petition is denied. And that is the reason why it's Harper's position that Miller v. Pateki is distinguishable here. If the panel has no further questions, I'd like to reserve the rest of my time for rebuttal. All right, thank you, counsel. Mr. Banks. May it please the court. In finding there is no prejudice under Stookly, the Indiana court of appeals and post-conviction provided Harper with a review of a sentencing claim which he asserted did not occur on direct appeal. And because this sentencing issue is purely one of state law, Harper's gave me his petition fails for the reasons that the court decided and Miller v. Pateki. Miller shows that... Why did the state concede an effective or deficient performance here? The state recognized that the Indiana court of appeals on direct appeal said that Harper's attorney had a purge war with the Codger argument. And insofar as Indiana courts don't allow you to use briefs, an impelled attorney always has to present some issues that, you know, regardless of whether the issue has a merit in an absolute sense. And so, given... You're arguing for constructive possession, you're arguing for the issue... That's right. And the... And regardless of his choice of issues, he was obligated to present what qualified as a Codger argument as rules of appellate procedure. So the fact that at least two judges of the court of appeals on direct appeal said he didn't make the Codger argument applied by the appellate rules is the reason that we have a detested deficient performance. If the issue had not been raised at all, if he had made a strategic choice not to raise sentencing at all, then we would have set that circumstance to be a reasonable strategic decision not to raise the sentencing issue that we now know, based upon what the court of appeals said in the post-conviction, we're not going to succeed. It's also important to point out that Rule 7b is a deferential standard to the trial court. There are no bright-eyed rules as to when a sentence is or is not appropriate. And so, it would be inaccurate to characterize any of the Rule 7b precedents cited in the parties' briefs as showing that there is a right to relate for any particular defendant. And the fact that that review is somewhat discretionary and opaque to an outside observer makes it all the more important that federal habeas courts simply accept the Indiana court of appeals finding a post-conviction that it's a matter of state law. This argument would not have succeeded. For these reasons, this case is the same in all relevant respects to Miller. Harper presented a full briefing and arguments when looking at counsel. The public defense committee had represented him at the post-conviction trial level and on the post-conviction court of appeals level, and even exhausted on these by seeking transfer of a 7b issue to the Indiana Supreme Court on post-conviction. So, all three levels of the Indiana judiciary had an opportunity to look at the 7b argument in the post-conviction context and decided it had no merit. And the cis courts' precedents really indicated that there was really no meaningful remedy in this case because the remedy that Harper has asked for would be to simply go back and do a new deductive appeal and present the same arguments as the nature of his offense and character that had already been fully adjudicated with full briefing and argument by the Indiana judiciary. And they found that the claim did not succeed. And to the extent that Pruitt's counsel has argued otherwise, even if you could overlook the state-law nature of the Rule 7b claim, the prejudice argument would at most be an argument for a different resolve It wouldn't show any failure to understand or apply stipulant. It wouldn't show any failure to apply stipulant in a reasonable manner. And so Section 2254 deference would still be sufficient to refer to the district court in all respects. Do you have any other questions? I guess I want to raise a wording issue with you. In your brief at page 20, you described Judge Friedlander's proposed revision of the sentence as modest. And while I think I understand your point in terms of proportionality, the overall sentence was long to begin with, I'm troubled by thinking of a 10-year difference in Indiana penitentiaries as modest. I'll just leave that as a comment. The point, David, for the sake of showing a modest point that I was trying to make is that there's never been any suggestion, either by Judge Friedlander or otherwise, that the sentence that I received was somehow way out of bounds compared to a proportionate sentence similar to what other defendants have received. In fact, if this Court is interested in an additional citation, I could provide a couple of which. The sentence is roughly the same as the one that was affirmed. It was in a relatively recent time frame, under the current version of Rule 70. One of those is Kale v. State, which is 875 North East 2nd. 438, the Indiana Court of Appeals looked at a 50-year sentence for a defendant convicted of a feeling worthy of three gams of cocaine to a confidential informant. And so even though there's no habitual offender, in that case, the defendant's maximum 50-year sentence for the Class 8 felony alone was affirmed as being not inappropriate under 70. And that's a 2007 case, so substantially the same time frame as this one. If there are no further questions, respond, ask to disclose, affirm, or disavow. Thank you. Thank you. How much time? The floor. Thank you, Your Honor. I probably won't even use all of it. Two very brief points. First, there is no dispute that it would not be required for the court on remand if remand is granted to grant Rule 70 relief. That's not a dispute. It is highly discretionary. But again, the discretionary nature of the relief is what makes advocacy and the deficient performance particularly likely to have caused prejudice. I'm sorry, the lack of advocacy particularly likely to have caused prejudice. And the last point that I'd like to make is that holding that we are, as here, the Supreme, I'm sorry, the Indiana courts made no holding as to Indiana law. They didn't cite Indiana law. They simply discussed the Strickland prejudice standard is sufficient to deem the Indiana court to have decided an issue of state law would run contrary to this court's opinion in Shaw v. Wilson, which was a 2013 case that made clear that ineffective assistance of counsel in a case review must be available even for errors in bringing up state law. That would be impossible if even a prejudice ruling based on review of a state law issue was effectively non-reviewable. If the court has no further questions. Thank you, Your Honor. Thanks to all. The case is taken under advisement.